IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CURTIS A. CRENSHAW, )<br>JEANNINE C. LARSON, )<br>COASTAL STATES DEVELOPMENT, LLC )<br>and SMS FINANCIAL XV, LLC, )<br>)<br>Defendants. )<br>_____) | Case No. |

## COMPLAINT

The United States of America, by and through undersigned counsel, complains and alleges as follows:

1. The United States brings this action to foreclose federal tax liens that attach to 118 acres of vacant real property located in Marengo County, Alabama.

2. This action is authorized and requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, and is commenced at the direction of the Attorney General of the United States, pursuant to 26 U.S.C. §§ 7401 and 7403.

**Jurisdiction and Venue**

3. This Court has jurisdiction over this civil action pursuant to 26 U.S.C. § 7402(a), 7403, and 28 U.S.C. §§ 1340, 1345.

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because the property on which the United States seeks to foreclose its liens is situated in

Marengo County, Alabama.  *See also United States v. Dallas Nat. Bank*, 152 F.2d 582, 586 (5th Cir. 1945).

## Parties

5.      Defendant Curtis A. Crenshaw resides in Hillsborough County, Florida, and is named as a party to this action because his unpaid federal tax liabilities are the subject of this action, and the United States seeks to enforce its liens against his real property.

6.      Defendant Coastal States Development, LLC, ("Coastal") is named a party to this action because its unpaid federal tax liabilities are the subject of this action.

7.      Defendant Jeannine C. Larson is named as a party to this action pursuant to 26 U.S.C. § 7403(b) by virtue of an interest she may claim in the real property which is the subject of this action.

8.      Defendant SMS Financial XV, LLC is named as a party to this action pursuant to 26 U.S.C. § 7403(b) by virtue of a lien it may claim against the real property which is the subject of this action.

## The Unpaid Federal Tax Liabilities of Coastal

9.      In 2006 and 2007, Crenshaw operated Coastal as a single-member LLC.  During that time, he incurred federal employment (Form 941, or "FICA") and unemployment (Form 940, or "FUTA") taxes for it that remain unpaid.

10.     On the dates and in the amounts set forth in the table that follows, a delegate of the Secretary of the Treasury assessed against Coastal the Form 941 taxes for the periods indicated, plus applicable interest and penalties:

| Tax Period Ending | Assessment Date | Tax | Interest | Penalties | Current Balance (June 21, 2019) |
|---|---|---|---|---|---|
| 12/31/2006 | 07/16/2007 08/20/2007 | $8,583.25 | $318.01 | $1,115.82 $429.16 | |

|  | 11/24/2008 11/30/2009 01/04/2010 12/02/2013 12/03/2018 | $9,172.78 | $13,346.87 | $1,330.40 $557.91 $1,375.72 $2,293.19 | $35,615.87 |
|---|---|---|---|---|---|
| 03/31/2007 | 09/10/2007 10/15/2007 11/24/2008 11/30/2009 12/28/2009 12/02/2013 12/03/2018 | $9,585.29 $8,267.93 | $321.78 $14,689.27 | $2,492.17 $479.26 $1,294.02 $862.67 $2,480.37 $2,066.98 | $43,927.73 |

11. On June 2, 2008, a delegate of the Secretary of the Treasury assessed against Coastal $112.00 for Form 940 tax for the year 2007, plus interest and penalties in the amounts of $2.80, and $17.92, respectively.

12. A delegate of the Secretary of the Treasury gave notice of the unpaid assessments described in paragraphs 10 and 11 above to Coastal and made demand for payment.

13. Despite notices of the assessments and demands for payment, Coastal failed to fully pay the assessments described in paragraphs 10 and 11 above. As of June 21, 2019, Coastal owes the United States $79,876.87 on those assessments, plus penalties and interest that continue to accrue subsequent to June 21, 2019 as provided by law.

14. Because Coastal had a single owner, it was disregarded as an entity apart from Crenshaw for all federal tax purposes. See 26 C.F.R. §§ 301.7701-2(c)(2) and 301.7701-3(b)(1)(ii); T.D. 9356, 2007-39 I.R.B. 675. Consequently, Crenshaw is also personally liable for all of the liabilities set forth in paragraphs 10 and 11 above and is indebted to the United States in the amount of $79,876.87 on account of the FICA and FUTA taxes incurred by Coastal.

15. Under Section 6502 of the Internal Revenue Code, the United States generally has 10 years from the date of an assessment to bring a proceeding in court to collect an unpaid tax. While the initial tax assessments against Coastal for 2006 and 2007 were made in 2007 and

2008, events since those assessments tolled the period to bring this suit. Specifically, Coastal had a proposed installment agreement pending with the IRS from November 7, 2008 until it was agreed to on January 6, 2010. Coastal defaulted on that installment agreement, and it was terminated on September 7, 2010. Coastal then proposed another installment agreement on December 14, 2010 which was pending until it was agreed to on August 22, 2011. Coastal defaulted on that agreement, and it was terminated on April 2, 2012. As a result of these events, the 10-year period to bring this suit was tolled by at least 736 days. See 26 U.S.C. §§ 6502(a), 6331(i)(5) & (k); 26 C.F.R. § 301.6159-1(g).

### Enforcement of Federal Tax Liens against the Subject Property

16. As a result of Coastal's and Crenshaw's failure to satisfy the assessments described in paragraphs 10 and 11 above after notice and demand for payment, federal tax liens arose on the dates of assessment and attached to all property and all rights to property of Crenshaw, including the Subject Property.

17. Crenshaw acquired an interest in the Subject Property as a tenant in common with Jeannine C. Larson by a distribution deed upon the termination of the Grace Crenshaw Trust of 1998 from grantors Curtis Crenshaw, Jr. and Jeannine C. Larson, as Trustees of The Grace Crenshaw Trust of 1998. That deed, dated December 20, 2002, was recorded on January 31, 2003 in the public records of Marengo County, Alabama, at Book Deed9T, Pages 744-47.

18. The real property subject to foreclosure in this action is 118 acres of vacant land in Marengo County, Alabama with no address ("Subject Property"). The legal description of the Subject Property is:

> Begin at an iron pin at the Northeast corner of the Northwest
> Quarter of the Southwest Quarter of Section 12, Township 12
> North, Range 1 West, thence South along the East line of the West
> Half of the Southwest Quarter of said Section 12 a distance of

    1947 feet, thence South 86 degrees 40 minutes West a distance of 2628 feet to an iron pin on the West line of the Southeast Quarter of the Southeast Quarter of Section 11, Township 12 North, Range 1 West, thence North along the West line of the East Half of the Southeast Quarter of Section 11 a distance of 1947 feet to the Northwest corner of the Northeast Quarter of the Southeast Quarter of Section 11, thence East a distance of 2624 feet to the place of beginning.  All being situated in the West Half of the Southwest Quarter of Section 12, East Half of the Southeast Quarter, of Section 11, all in Township 12 North, Range 1 West, Marengo County, Alabama, and containing 118 acres, more or less.

    Being the same property conveyed to Grace Crenshaw by deed dated November 10, 1967 and of record in the Office of the Judge of Probate of Marengo County, Alabama.

    Being the same property conveyed to Curtis Crenshaw, Jr. and Jeannine C. Larson by deed dated December 20, 2002 and of record in the Office of the Judge of Probate of Marengo County, Alabama.

    Parcel Numbers: 3701110000002002 & 3701120000002000

19. On August 28, 2010, a delegate of the Secretary of the Treasury caused a notice of federal tax lien to be recorded in the public records of Marengo County, Alabama at Mortgage Book 2010 and Page 425 for the assessments described in paragraphs 10 and 11 above.  On June 29, 2018, a delegate of the Secretary of the Treasury refiled the notice for the assessment of Coastal's Form 940 tax for 2007 that was assessed June 2, 2008.  On August 28, 2018, the notice was refiled for Coastal's Form 941 tax for the fourth quarter of 2006 that was assessed July 16, 2007.

20. By virtue of the federal tax liens that arose on assessment of the tax liabilities described in paragraphs 10 and 11 above, and Coastal's and Crenshaw's failure to pay, the liens may be enforced against the Subject Property.

WHEREFORE, Plaintiff, United States of America, respectfully prays for the following:

A. That this Court adjudge, order, and decree that the federal tax liens of the United States attach to all property and rights to property of Defendant Curtis A. Crenshaw, including his interest in the Subject Property;

B. That this Court adjudge, order, and decree that the federal tax liens upon the Subject Property be foreclosed upon, that the property be sold according to law, free and clear of the claims of the parties herein, and that the proceeds of sale be distributed in accordance with the determination of this Court with respect to the priorities of the claims of the parties herein;

C. That the proceeds of the sale of the Subject Property payable to the United States be applied in satisfaction of Defendant Curtis Crenshaw and Coastal States Development, LLC's unpaid federal tax liabilities, as set forth in this Complaint; and

D. That this Court grant the United States such other relief, including costs, as is just and equitable.

    Respectfully submitted,

    RICHARD E. ZUCKERMAN
    Principal Deputy Assistant Attorney General

By:  /s/ Michael W. May
    MICHAEL W. MAY
    Trial Attorney, Tax Division
    Department of Justice
    P.O. Box 14198
    Washington, DC 20044
    Telephone: (202) 616-1857
    Fax: (202) 514-9868
    michael.w.may@usdoj.gov

    -and

    RICHARD W. MOORE
    UNITED STATES ATTORNEY

By: */s/ Keith A. Jones*

                    Keith A. Jones
                    Assistant United States Attorney
                    63 South Royal Street, Suite 600
                    Mobile, Alabama 36602
                    Telephone: (251) 415-7206
                    Keith.Jones2@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Curtis A. Crenshaw
Coastal States Development, LLC, et al

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Hillsborough, FLorida
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael W. May, Department of Justice--Tax Division,
P.O. Box 14198, Washington, D.C. 20044
(202) 616-1857.  michael.w.may@usdoj.gov

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 840 Trademark | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| | | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | | [ ] 462 Naturalization Application | | |
| | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 465 Other Immigration Actions | | |
| | / [ ] 540 Mandamus & Other | | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | | | |
| | / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7401 and 7403
Brief description of cause:
Suit to foreclose federal tax liens on real property

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 79,877.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 07/03/2019
SIGNATURE OF ATTORNEY OF RECORD: s/Michael W. May

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) |
|---|---|
| *Plaintiff(s)* | ) ) ) ) ) |
| v. | ) Civil Action No. |
| | ) ) ) ) ) |
| *Defendant(s)* | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff(s)* | ) ) ) ) ) ) | |
| v. | ) | Civil Action No. |
| *Defendant(s)* | ) ) ) ) ) ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❒ I returned the summons unexecuted because _____ ; or

    ❒ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

)
)
)
)
*Plaintiff(s)* )
)
v. ) Civil Action No.
)
)
)
)
)
*Defendant(s)* )

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*




A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:




If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date: _____          _____
                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify)*:
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| *Plaintiff(s)* <br> v. <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*



A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:



If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify)*:
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: